UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6342-CR-ZLOCH

UNITED STATES OF AMERICA,         :

       Plaintiff,              :

v.                                :

ANDREW WARBURTON,                 :

       Defendant.              :
_____



**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on December 7, 2000, a hearing was held to determine whether the defendant **Andrew Warburton** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Andrew Warburton** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to import and to possess with intent to distribute cocaine, and possession of cocaine with intent to distribute, in violation of 21



U.S.C. §§ 841(a)(1), 846 and 963. Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that on December 2, 2000, the defendant and co-defendant Delroy Wayne, crew members aboard the cruise ship "Century," arrived in Port Everglades, Florida. As Wayne disembarked, ship security personnel conducted a patdown search of his person, during which they discovered two packages taped to his torso with masking tape. Customs inspectors were summoned, and a field test was performed on the contents of the packages, which proved positive for cocaine. Wayne was advised of his <u>Miranda</u> rights, after which he stated that he received the packages from the defendant, who had taped the packages to Wayne in the defendant's cabin.

A search of the defendant's cabin resulted in the seizure of three rolls of masking tape, one of which was located on the defendant's bunk. A narcotics detection dog alerted to a drawer inside the cabin, and to two of the rolls of masking tape. Thereafter, the defendant was placed under arrest. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a citizen and resident of Jamaica, with minimal ties to the United States. The defendant's mother resides in Broward County and is willing to pledge her home as collateral

2

on a bond. However, the defendant's estranged wife and his two children reside in Montego Bay, Jamaica. There is no incentive for the defendant to appear for trial, and he must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to import and to possess with intent to distribute a substantial quantity of cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this _____ day of December, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Terrence Thompson (FTL)
Pretrial Services (FTL)
Martin Roth, Esq.