**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6342-CR-ZLOCH

UNITED STATES OF AMERICA

    Plaintiff,

v.

ANDREW WARBURTON, and
DELROY HENRY

    Defendants.
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

    The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

    A.  1.  The government is unaware of any written or recorded statements made by the defendants.

        2.  Andrew Warburton did not make any oral statement before or after arrest in response to interrogation by any person then known to be a government agent. The substance of Delroy Henry's pos-arrest statement is contained in the attached affidavit.

        3.  The defendants did not testify before the grand jury.

        4.  Neither defendant has a criminal history.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from



or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. The U.S. Customs case agent, Special Agent Wendy Bowers may be contacted at telephone number (954) 356-7255 extension 114.

      6. A laboratory analysis report regarding the cocaine seized in connection with this case will be disclosed upon receipt by the undersigned.

   B. The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

   C. The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976).

   D. There have been no payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

   E. The government will disclose any prior convictions and plea agreement of any alleged co-conspirator or accomplice who will testify for the government at trial, should that situation arise.

   F. The defendants were not identified in a lineup, showup, photo spread or similar identification procedure.

   G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

   H. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

   I. The defendants are not an aggrieved persons as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

   J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

  K. The cocaine involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami, Florida. The United States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

  L. There were no automobiles, vessels or aircraft used in the commission of the alleged offenses, please contact the undersigned.

  M. Latent fingerprints have not been recovered in this case.

  N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

  O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

     By: _____
        TERRENCE J. THOMPSON
        Assistant United States Attorney
        Court No. A5500063
        500 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida  33301
        (954) 356-7306
        (954) 356-7228 (facsimile)
        Terrence.Thompson@justice.usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by this 8th day of January, 2001, upon: Assistant Federal Public Defender Samuel Smargon, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301 and Martin Roth, Esquire, 1001 Brickell Bay Drive, Suite 1704, Miami, FL 33131-4939.

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY